**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DON THOMAS MERCELEANY MAXWELL/G-DOFFEE ADC #108778** — **PLAINTIFF**

**V.** — **NO. 4:22-cv-00482-JM-ERE**

**ALICIA SIMMONS, *et al.*** — **DEFENDANTS**

**ORDER**

Pending before the Court is Plaintiff Don Thomas Merceleany Maxwell/G-Doffee's motion for extension of time. *Doc. 70*. In the motion, Mr. G-Doffee complains that, since filing this lawsuit, unidentified ADC officials have harassed him and retaliated against him. He requests: (1) fourteen additional days to respond to Defendants' discovery requests; (2) additional time to provide a valid service address for Defendant Jones; and (3) unspecified injunctive relief. Although the Court will provide Mr. G-Doffee additional time to respond to Defendants' discovery responses and to provide a valid service address for Defendant Jones, Mr. G-Doffee's request for preliminary injunctive relief is denied.

First, Mr. G-Doffee has failed to stablish any relationship between the claims in this case, which relate to an alleged failure to protect him from an inmate attack and denial of constitutionally adequate medical care, and the proposed injunctive relief. Instead, it appears that Mr. G-Doffee is essentially asserting new claims against ADC employees who are not parties to this lawsuit. See, e.g., *Devose v.*

*Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (affirming the denial of a prisoner's request for a preliminary injunction because his allegations of recent retaliation for filing the lawsuit were "entirely different from" the inadequate medical care claims and relief requested in his § 1983 complaint); *Owens v. Severin*, Case No. 08-1418, 2008 WL 4240153 (Sept. 18, 2008) (unpublished opinion) (affirming the denial of a prisoner's request for a preliminary injunction because "the relief sought was unrelated to the allegations in his [§ 1983] complaint"). Furthermore, Mr. G-Doffee does not seek any specific injunctive relief in his motion. Rather, he seeks "permission to seek P.I.O in at hand litigation to enjoin such unlawful conduct." *Doc. 70 at 7*. Mr. G-Doffee's brief request for *unspecified* injunctive relief fails to meet his heavy burden of demonstrating that he will be irreparably harmed if the Court fails to grant immediate injunctive relief, or that he is likely to succeed on the merits of his claims.[1]

IT IS THEREFORE ORDERED THAT:

1. Mr. G-Doffee's motion (*Doc. 70*) is GRANTED, in part, and DENIED, in part.

[1] When deciding whether to grant preliminary injunctive relief, a court must consider: (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)).

2. Mr. G-Doffee's responses to Defendants' discovery requests are now due by November 4, 2022.

3. Mr. G-Doffee may have until November 18, 2022, to provide a valid service address for Defendant Jones. Mr. G-Doffee is cautioned that, because this lawsuit has been pending since May 2022, the Court will not provide him any further extensions to provide a valid service address for this Defendant.[2]

4. Mr. G-Doffee's request for injunctive relief is denied.

Dated this 18th day of October, 2022.

UNITED STATES MAGISTRATE JUDGE

[2] Defendant Jones should have been served within 90 days of May 24, 2022, the date that Mr. G-Doffee filed this lawsuit. See FED. R. CIV. P. 4(m).